IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH CURTISS<br>as Administrator of the Estate of<br>JOHN G. HATFIELD, deceased<br>379 Harbor Street<br>Conneaut, OH  44030 | ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE: |
|      Plaintiff | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| CHARTER COMMUNICATIONS, INC.<br>DBA CHARTER SPECTRUM<br>400 Atlantic Street<br>Stamford, CT  06901 | ) ) ) ) ) | **JURY TRIAL DEMANDED**<br><br>**(OTHER TORTS)** |
| and | ) ) | |
| SPECTRUM MID-AMERICA, LLC.<br>12405 Powerscourt Drive<br>St. Louis, MO 63131 | ) ) ) ) | |
| and | ) ) | |
| ERIE INSURANCE<br>100 Erie Insurance Place<br>Erie, PA  16530 | ) ) ) ) | |
|     Defendants | ) ) | |

**JURISDICTION AND PRELIMINARY STATEMENT**

1.      JOHN G. HATFIELD was killed when a SPECTRUM employee in Saybrook

Township, Ashtabula County, Ohio, disconnected a cable suspended over the roadway, causing it

to drop down and strike JOHN G. HATFIELD's motorcycle, ejecting him from the vehicle and

causing fatal injuries.

2.      Plaintiff's decedent, JOHN G. HATFIELD, was a citizen of Ohio.  He resided at 1108 Garrison Road in Ashtabula, Ohio 44004.

3.      Plaintiff, KEITH CURTISS, is the duly and properly appointed and practicing Executor of the Estate of JOHN G. HATFIELD; appointed by the Probate Court of Ashtabula County, Ohio in that Court's case number 2020 ES 199.

4.      Defendant, CHARTER COMMUNICATIONS, INC. is a corporation, doing business under the name of CHARTER SPECTRUM or SPECTRUM formed under the jurisdiction of Delaware with a principal place of business in Stamford, Connecticut.

5.      Defendant, SPECTRUM MID-AMERICA, LLC. is a corporation formed under the jurisdiction of Delaware with a principal place of business in St Louis, Missouri.

6.      In this Complaint, Defendants, CHARTER COMMUNICATIONS, INC. and SPECTRUM MID-AMERICA, LLC. are referred to collectively as the "SPECTRUM Defendants."

7.      Defendant ERIE INSURANCE is a corporation with its principal place of business in Erie, Pennsylvania.

8.      The matter in controversy exceeds, exclusive of interest and costs the sum specified by 28 UCS 1332.  The jurisdiction of this Court is invoked pursuant to 28 UCS 1332.

### FIRST CLAIM
*Spectrum Defendants' Vicarious Liability for Negligence of Employees or Agents*

9.      On the 24th day of June, 2020, an employee of the SPECTRUM Defendants, negligently cut a cable television wire suspended above Depot Road, in the location of 7122 Depot Road, causing the cable wire to drop down above the roadway, creating a dangerous and hazardous

condition to all persons traveling on Depot Road in Saybrook Township, Ashtabula County, Ohio.

10.     The aforementioned employee or agent acted at the direction or supervision of another employee or agent of the SPECTRUM Defendants.

11.     At that time, Plaintiff's decedent, JOHN G. HATFIELD, was operating his motorcycle lawfully on Depot Road in Saybrook Township, Ashtabula County, Ohio, when he collided with the dropped cable, ejecting him from the motorcycle and causing injuries that resulted in his death.

12.     The employees or agents of the SPECTRUM Defendants failed to maintain reasonable care in their duties and were therefore negligent

13.     The SPECTRUM Defendants are the employer or principle of the aforementioned employees, agents, or independent contractors and are therefore vicariously liable for their actions.

14.     The aforementioned person(s), operated a vehicle with SPECTRUM Defendants' placard, wore a uniform with SPECTRUM Defendants' logo, and/or provided identification as an agent of the SPECTRUM Defendants; regardless of their employment relationship, the SPECTRUM Defendants are liable for the acts of this person.

15.     The SPECTRUM Defendants' vicarious negligence was the direct and proximate cause of JOHN G. HATFIELD's injury, death, and damages enumerated in the Third Claim.

### SECOND CLAIM
*Direct Negligence of SPECTRUM Defendants*

16.     All allegations and causes of action above are incorporated into this cause of action by reference.

17.     The SPECTRUM Defendants failed to assign or provide additional employees to safely perform the work to repair the cable TV wire, including assigning temporary traffic control.

18.     The SPECTRUM Defendants had a duty to act reasonably in hiring, retaining, and ensuring that its employee or employees were reasonably qualified to safely perform their job duties.

19.     The SPECTRUM Defendants had a duty to train, properly instruct, and supervise their employee or employees about the manner and method of properly installing cable television wires located above and on publicly traveled roadways.

20.     The SPECTRUM Defendants had a duty to train, properly instruct, and supervise its employee or employees in traffic control and maintaining a safe worksite for users of the roadway.

21.     The SPECTRUM Defendants had a duty to the public to follow safety laws and regulations governing telecommunication utilities, its own safety regulations, safety regulations imposed within poll leasing agreements, and industry standard safety regulations.

22.     The SPECTRUM Defendants failed in these duties and this negligence was a direct and proximate cause of Plaintiff's, injury, death, and damages enumerated in the Third Claim.

**THIRD CLAIM**
*Wrongful Death*

23.     Plaintiff, KEITH CURTISS, is the duly and properly appointed and practicing Executor of the Estate of JOHN G. HATFIELD and brings this cause of action and Claims One and Two in this Complaint under Ohio's Wrongful Death Statute, found in Ohio R.C. 2125 for the benefit of the decedent's next of kin.

24.     As a direct and proximate result of The SPECTRUM Defendants' vicarious and direct negligence alleged in the preceding claims, Plaintiff's decedent, JOHN G. HATFIELD, suffered fatal injuries and died as a result of the June 24, 2020 collision.

25.     JOHN G. HATFIELD's next of kin sustained pecuniary loss including (but not limited to) medical, funeral, burial, internment, estate expenses, and pecuniary loss in payment of decedent's debts owing at the time of his death.

26.     JOHN G. HATFIELD's next of kin have lost the support from the reasonably expected earning capacity of decedent, and the loss of prospective inheritance.

27.     JOHN G. HATFIELD's next of kin have sustained a loss of his society, including loss of companionship, consortium, care, assistance, attention, protection, advice, counsel, instruction, training, and education, along with mental pain, anguish, and emotional trauma.

**FOURTH CLAIM**
*Survival Action*

28.     All allegations and causes of action above are incorporated into this cause of action by reference.

29.     The conduct described in this Complaint gives rise to a civil claim, JOHN G. HATFIELD, would have maintained had his death had not ensued, but which survives R.C. 2305.21, and is maintained by Plaintiff KEITH CURTISS, his personal representative.

30.     As a direct and proximate result of the negligence of the Defendants, Plaintiff's decedent, JOHN G. HATFIELD, experienced terror and conscious anguish, suffering, and pain prior to his death.

31.     Plaintiff's decedent, JOHN G. HATFIELD, incurred medical expenses, hospital expenses, and other expenses, prior to his death.

**FIFTH CLAIM**
*Claim for Punitive Damages against SPECTRUM Defendants*

32.     All allegations and causes of action above are incorporated into this cause of action by reference.

33.     The SPECTRUM Defendants put an inexperienced employee on the job solo, without a proper period of mentoring, training, supervision, or the additional employees required to safely perform temporary traffic control.

34.     The SPECTRUM Defendants had a duty to promulgate and enforce rules and regulations, follow rules and agreements already in force to ensure its employees actions were reasonably safe.

35.     The SPECTRUM Defendants knowingly and willfully violated these safety duties and encouraged its employees to violate the same to lower cost, and increase the speed of installation and repair, despite knowing that there was a substantial likelihood of injury to the public.

36.     The SPECTRUM Defendants actions demonstrate a conscious disregard for the rights and safety of Plaintiff's decedent, JOHN G. HATFIELD, and the rest of the public and constituted willful and wanton misconduct.

37.     As a result, Plaintiff's decedent pursuant to Ohio R.C. 2305.21 is entitled to punitive damages to discourage Defendants' conduct in the future.

**SIXTH CLAIM**
*Contract*

38.     All allegations and causes of action above are incorporated into this cause of action by reference.

39.     Plaintiff's decedent, JOHN G. HATFIELD, purchased a motorcycle and automobile insurance policy from the Defendant, ERIE INSURANCE, a company with a principal place of

business in Erie, Pennsylvania.

40.      A true and accurate copy of the declaration sheet referred to in the preceding paragraph is not attached hereto, but is in the possession of the defendant ERIE INSURANCE.

41.      Plaintiff's decedent, JOHN G. HATFIELD was an insured as that term is defined pursuant to the aforementioned policy.

42.      At all times material hereto, Plaintiff's decedent, JOHN G. HATFIELD, paid the premiums, performed all conditions necessary to maintain in good standing with the motorcycle/automobile insurance policy issued by the Defendant, ERIE INSURANCE, referred to in the aforementioned policy.

43.      Defendant, ERIE INSURANCE, may claim some right of subrogation or lien as a result of their medical pay provision and monies that they may have paid pursuant to said policy.

44.      Defendant, ERIE INSURANCE should set forth its interest herein or forever be barred.

## SEVENTH CLAIM
### *Uninsured/Underinsured Motorist*

45.      All allegations and causes of action above are incorporated into this cause of action by reference.

46.      On June 24, 2020, Defendant, ERIE INSURANCE, was a corporation with a principal place of business in Erie, Pennsylvania.

47.      On June 24, 2020, Plaintiff's decedent, JOHN G. HATFIELD, was an insured under a policy of insurance issued through Defendant, ERIE INSURANCE, to JOHN G. HATFIELD, which included uninsured/underinsured motorist's coverage.

48.      Defendants were or may become an uninsured/underinsured motorists as that term is defined in Defendant, ERIE INSURANCE's policy of insurance with JOHN G. HATFIELD and

the injuries and damages to Plaintiff exceed the insurance coverage of the Spectrum Defendant's, insurance policy.

49.     Plaintiff is therefore entitled to judgment against Defendant, ERIE INSURANCE, pursuant to his uninsured/underinsured motorist coverage for the amount of judgment not covered by Spectrum Defendants insurance policy.

**EIGHTH CLAIM**
*Declaratory Judgment Action*

50.     All allegations and causes of action above are incorporated into this cause of action by reference.

51.     This Court may declare the rights, status and/or other legal relations of the parties and determine any question of construction or validity of the policy insurance issued through Defendant, ERIE INSURANCE, to JOHN G. HATFIELD.  However, it is Defendant, ERIE INSURANCE's, burden of proof to establish all rights claimed.

52.     Defendant, ERIE INSURANCE, has failed to establish that it has a contractual right to complete subrogation or reimbursement under the terms of the Plan providing medical payments benefits to Plaintiff, ERIE INSURANCE. Specifically, the Plan fails to disavow the common fund doctrine, which requires Defendant, ERIE INSURANCE, to reduce its medical payments lien pro-rata to offset attorney's fees and cases expenses for prosecuting the claim.

53.     Even if Defendant, ERIE INSURANCE, has the requisite Plan language giving it a right to complete subrogation or reimbursement, given the extent of the Plaintiff's damages and the possible amount of recovery in this case, Plaintiffs may not recover or be fully compensated, or be "made whole," for their injuries from a recovery in this matter. Accordingly, Plaintiff contends that if he does not fully recover or is not "made whole," ERIE INSURANCE has no subrogation

or reimbursement rights to any recovery in this case consistent with the policy language, ERIE INSURANCE's adherence thereto, and the laws of Ohio.

54.     It is unclear as to what rights and/or obligations exist between JOHN G. HATFIELD and ERIE INSURANCE, as to numerous issues, including whether it has a contractual right to complete subrogation or reimbursement, whether the Plan properly disavows equitable defenses to subrogation and reimbursement and whether the common law or statutory made whole doctrine (Ohio R.C. § 2323.44) will preclude Defendant, ERIE INSURANCE's, right to recover from any settlement or judgment Plaintiff may receive in this case.

55.     Plaintiff seeks a declaration of rights, duties and liabilities of the parties under the policy of insurance issued through Defendant, ERIE INSURANCE, including, but not limited to, subrogation, reimbursement, Ohio R.C. 3902.11 – R.C. 3902.14, R.C. 1751.60, Ohio Administrative Code 3901-1-56 and  Ohio R.C. § 2323.44 with respect to which policy or policies of insurance issued by any health insurance and/or health benefits provider is to provide coverage for each of the claims/occurrences as described more fully herein and what amount constitutes the maximum limits of coverage, subrogated interest and/or right of reimbursement under the applicable policy or policies of insurance.

56.     As a result of the foregoing, a justiciable controversy exists between Plaintiff and Defendant, ERIE INSURANCE, with respect to the respective rights, if any, that each party may have under the subject policy.


        **WHEREFORE**, Plaintiff KEITH CURTISS as Administrator of the Estate of JOHN G. HATFIELD, deceased, respectfully demands judgment against Defendants, CHARTER

COMMUNICATIONS, INC., SPECTRUM MID-AMERICA, LLC. and ERIE INSURANCE
jointly and severally as follows:

A. Compensatory Damages in an amount in excess of SEVENTY-FIVE THOUSAND
DOLLARS, ($75,000.00), for Plaintiff's decedent, JOHN G. HATFIELD, plus interest at
the legal rate of interest from the date of the accident described above;

B. Punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND
DOLLARS, ($75,000.00);

C. Determination that Plaintiff's decedent JOHN G. HATFIELD was an insured as that
term is defined in the uninsured/underinsured motorist coverage portion of the policy
issued to Plaintiff's decedent JOHN G. HATFIELD by Defendant ERIE INSURANCE;

D. Determine the rights and obligations of said Defendant ERIE INSURANCE, under said
policy issued to Plaintiff's decedent, JOHN G. HATFIELD;

E. Judgment against Defendant ERIE INSURANCE, for the full amount of the policy
limits;

F. The costs of this Action.

Respectfully submitted,

THE GERVELIS LAW FIRM

/s/ Mark S. Gervelis
BY:  MARK S. GERVELIS (#0012647)
DAVID M. TSCHANTZ (#0086626)
Attorneys for Plaintiff
3790 Boardman-Canfield Road
Canfield, Ohio  44406
(330) 533-6565
msg@gervelislaw.com

**JURY DEMAND**

A Trial by Jury is hereby demanded in this Action.

/s/ Mark S. Gervelis

BY:  MARK S. GERVELIS (#0012647)
DAVID M. TSCHANTZ (#0086626)
Attorneys for Plaintiff