IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEITH CURTISS, ) | Case No. 1:21-CV-00543 |
| *as Administrator of the Estate of* ) | |
| *Deceased* John G. Hatfield ) | JUDGE CHARLES E. FLEMING |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| v. ) | |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | **ORDER** |
| *et al*. ) | Resolving ECF Doc. 74, and ECF Doc. 81 |
| ) | |
| Defendants. ) | |

On March 9, 2021, plaintiff Keith Curtiss, administrator of the estate of John G. Hatfield, filed a complaint against Spectrum Mid-America, LLC ("Spectrum") and Charter Communications, Inc. ("Charter Inc.") (collectively "Spectrum Defendants"), for claims of wrongful death, vicarious liability for an employee's negligence, negligence, and a survival action, for their role as employers of Matthew Miller, who was allegedly involved in Hatfield's death. *See* ECF Doc. 1; ECF Doc. 75 at 2. The Spectrum Defendants deny liability. *See* ECF Doc. 9.

Curtiss now moves to compel discovery pursuant to Federal Rule of Civil Procedure 30(b)(6) (ECF Doc. 74). Curtiss's requested discovery relates to the corporate relationship between the Spectrum Defendants and third-party Charter Communications, LLC ("Charter LLC"), and a "Charter" manual alleged to have governed Miller's conduct. He argues that the Spectrum Defendants have provided insufficient responses, or that he requires additional

information than what has been provided. *See* ECF Doc. 74. The Spectrum Defendants oppose the motion, contending they have met their discovery obligations, are willing to provide a Rule 30(b)(6) deponent regarding the "Charter" handbook, and/or that the discovery sought is unnecessary. *See* ECF Doc. 75.

Additionally, Curtiss has moved for reconsideration of the court's order ruling on his motion to leave to amend his complaint to add Charter LLC as a party, which the court previously granted in part to the extent plaintiff was only permitted to **substitute** Charter LLC for Charter Inc. *See* ECF Doc. 81. For the reasons discussed below, Curtiss's motions are DENIED.

**I.     Motion to Compel**

   **A.     Motion to Compel Standard of Review**

Trial courts have broad discretion to control the discovery process. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642 (6th Cir. 2018); *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 970 (N.D. Ohio 2008). Generally, parties may discover any nonprivileged matter that is relevant to any claim or defense. *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007); Fed. R. Civ. P. 26(b)(1). Such discovery can be made through a number of different requests, including a request that a corporate party designate a witness to testify on specific subject matter under Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) allows a party to name a private corporation as a deponent and "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Once named as a deponent, an entity "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.* These designated persons "must testify

about information known or reasonably available to the organization." *See Wheatt v. City of E. Cleveland*, No. 1:17-CV-377, 2017 U.S. Dist. LEXIS 188935, at *3 (N.D. Ohio Nov. 15, 2017).

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if another party fails to provide discovery responses or provides an evasive or incomplete response. Fed. R. Civ. P. 37(a)(3)(B), (4). The proponent of a motion to compel discovery bears the initial burden of proving the information sought is relevant. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015). Even relevant discovery, however, may be precluded at the court's discretion if found to be unreasonably duplicative, or that the burden of providing discovery outweighs the benefits, considering such facts as the important of the requested discovery, the issues in the case, and the parties' resources. *See Mehmedi v. La Dolce Vita Bistro, LLC*, No. 1:10-CV-1591, 2011 U.S. Dist. LEXIS 164179, *3 (N.D. Ohio Aug. 9, 2011) (citing Fed. R. Civ. P. 26(b)(2)).

**B. Analysis**

Curtiss argues that the Spectrum Defendants have provided "only incomplete and evasive answers" to three discovery issues:

1. The leases or use agreements for equipment owned by Spectrum Mid-America, LLC and used by employees of Charter Communications, LLC as it pertains to Field Technicians daily tasks and training ["Agreement Request"]

2. The corporate relationship between Charter Communications, Inc. and Spectrum Mid-America, LLC specifically as to the following: i. Any ownership interest between one company and the other. ii. Any written agreements providing for or allowing control of the activities of the Spectrum Mid-America, LLC by Charter Communications, Inc. iii. Any sharing of responsibilities, facilities, or standardization of procedures regarding operations, training, and governmental filings ["Corporate Relationship Request"]

3. The deposition of Erin Ploch and a representative knowledgeable of the drafting and revisions to Defendant's Safety Manual FPT-11 Work Area Protection and FP-14 Pole Climbing/Aerial Work. ["Ploch/Manuel Request"]

3

ECF Doc. 74 at 1. The Spectrum Defendants oppose the motion to compel. (ECF Doc. 75). And Curtiss has filed a reply brief. ECF Doc. 76. Because the heart of the discovery dispute relates to the corporate relationship between the three entities, I will first address Curtiss's Corporate Relationship Request and then the remaining disputes.

### 1. Corporate Relationship Request

Curtiss contends that the Spectrum Defendants have only provided "assurances" that Charter Inc. has no role in this case and that such assurances are inadequate to ensure that the proper party responsible for the employee's negligence is party to the proceedings. ECF Doc. 74 at 4-5. Thus, he seeks to compel the Spectrum Defendants to provide a corporate representative to testify on the relationship between Charter LLC and Charter Inc. ECF Doc. 74 at 4-5.

The Spectrum Defendants oppose the request, arguing that it is unnecessary to have a corporate representative testify as to the relationship because the court has already determined that Charter LLC is a property party, reflected in the order granting limited leave to amend the complaint to substitute Charter LLC for Charter Inc., and because of the documents the Spectrum Defendants have already provided. ECF Doc. 75 at 7-9. They assert that a deposition is unnecessary because: (i) it is not disputed that the employee was employed by Charter LLC, (ii) they have submitted verified pleadings explaining the same and that Charter Inc. is a parent company to Charter LLC, and (iii) Curtiss has been given a confidential illustration of the relationship and the insurance declaration pages demonstrating Charter LLC's coverage. ECF Doc. 75 at 7-8, ECF Doc. 75-1, ECF Doc. 75-2, ECF Doc. 75-3, ECF Doc. 75-4, ECF Doc. 75-5, ECF Doc. 76-6, ECF Doc. 75-7, ECF Doc. 75-8. Additionally, they contend the preparation of a witness for deposition on this subject, given the above information provided, would be burdensome. ECF Doc. 75 at 8-9.

In his reply brief, Curtiss contends that testimony from a representative is necessary because the control over Spectrum is significant in determining who was responsible for the training and procedures that resulted in the accident and, although the employee testified he was employed by Charter LLC, filings with the Ohio Department of Commerce identify Spectrum (a subsidiary of Charter Inc.) as the cable service provider in the area. ECF Doc. 76 at 2-3.

Here, the Spectrum Defendants have shown that the information sought by Curtiss, although relevant, is "unreasonably cumulative or duplicative." *See Mehmedi*, 2011 U.S. Dist. LEXIS 164179, *3. It is not reasonably disputed that identification of the corporate entity responsible for employing and training the individual allegedly responsible for Hatfield's death is relevant to Curtiss's vicarious liability and negligence claims. However, relevancy alone does not permit unlimited discovery on an issue. *See id.*

Based on the parties' filings and the proceedings, additional information regarding the corporate relationship between the three parties is unnecessary. The parties do not dispute that Charter LLC is a proper party and employed Miller. *See* ECF Doc. 74 at 3; ECF Doc. 75 at 7. Thus, the only issue is whether Charter Inc. should remain a party. And the court has already addressed that issue. Previously, the court granted Curtiss a limited leave to amend his complaint to substitute Charter LLC for Charter Inc., based on the reasoning articulated in the Spectrum Defendants' memorandum in opposition to the motion for leave to amend. *See* Docket Entry for February 8, 2022. In their opposition, the Spectrum Defendants asserted that Charter Inc. was not the employer of the allegedly negligent employee, and any references to Charter Inc. only explained the parent-subsidiary relationship between Charter Inc. and Charter LLC. *See* ECF Doc. 50.

5

Curtiss has not identified any reason to deviate from the court's prior ruling or the justification behind it. See ECF Doc. 74. The Spectrum Defendants have provided verified discovery responses identifying Charter LLC as Miller's employer and Charter Inc. as the parent company, information explaining the parent-subsidiary relationship, and Charter LLC's insurance declaration pages to assure Curtiss that it has sufficient funds to satisfy any potential judgment that could arise from this action. See ECF Doc. 75-1, ECF Doc. 75-2, ECF Doc. 75-3, ECF Doc. 75-4, ECF Doc. 75-5, ECF Doc. 76-6, ECF Doc. 75-7, ECF Doc. 75-8. The Spectrum Defendants have has also offered to stipulate that that Charter LLC and Spectrum were proper parties, the ambiguous "Charter Communications" handbook applied to Charter LLC and its employees, and to its insurance coverage. See ECF Doc. 75 at 8. In light of these proposed stipulations, Curtiss has not identified any need to require Charter Inc.'s presence in the case as opposed to Charter LLC's. See ECF Doc. 74; ECF Doc. 76.

In response, Curtiss contends that the ambiguity about the corporate relationships caused by the employee's van being identified as Spectrum, Spectrum's parent-subsidiary relationship with Charter Inc., and Miller's employment with Charter LLC, requires further discovery. See ECF Doc. 76 at 3. However, these are the same reasons Curtiss gave in support of his motion for leave to amend the complaint in January 2022. See ECF Doc. 40 at 1-2. The court has already determined that Charter LLC is a proper party, and the Spectrum Defendants have shown that further discovery as to the corporate relationships between the three entities would be duplicative and unnecessary. See *Mehmedi*, 2011 U.S. Dist. LEXIS 164179, *3. Accordingly, Curtiss's motion to compel on this ground is denied.

6

    **2.**     **Agreement Request**

Curtiss contends that a corporate representative knowledgeable about the leases and agreements for equipment between Spectrum and Charter LLC is necessary because Miller "did not have proper work area protection equipment in his van," which was owned by Spectrum, and Spectrum's role in the case is unclear. *See* ECF Doc. 74 at 4-5.

The Spectrum Defendants oppose the request, asserting that there are no leases or use agreements between Spectrum and Charter LLC. ECF Doc. 75 at 9. In his reply brief, Curtiss does not directly address this discovery issue. *See generally* ECF Doc. 76.

Here, Curtiss has not identified that the Spectrum Defendants have been noncompliant with their discovery obligations or that any hypothetical leases or agreements would be critical to discovering issues needed to resolve the case. The Spectrum Defendants assert that there are no leases or agreements for agreement owned by Spectrum and used by Charter LLC employees between the two companies. *See* ECF Doc. 75-10 at 2. Curtiss does not appear to dispute this because he focuses the argument in his reply brief on the entities' corporate relationships, as discussed above. *See* ECF Doc. 76. As a result, Curtiss has not shown that the defendants were withholding relevant discovery. *See* Fed. R. Civ. P. 37 (requiring a motion to compel to include a certification that the movement had made good faith efforts to confer or attempt to do so "with the person or party failing to make the [the] disclosure or discovery.").

Further, Curtiss has not shown that the leases or agreements would be relevant to the resolution of the case. It appears that Curtiss views the van's ownership by Spectrum and Miller's employment with Charter LLC as being in conflict, or at minimum casting doubt on whether Charter Inc. (the parent company of Charter LLC) should be removed from the case. Although one may anticipate that the Spectrum-labeled van would have the same owner

company as the company employing Miller, it is undisputed that Miller was employed by Charter LLC, and Curtiss has not shown that the van's different ownership is relevant to that employer-employee relationship or would be relevant to the question of who should have provided the proper safety equipment. *See O'Malley*, 311 F.R.D. at 463. Should Curtiss be able to show the Spectrum Defendants are withholding discovery or how the relevancy of the information sought, the court could reconsider its decision. At present, however, Curtiss's motion to compel on this ground is denied.

### 3. Ploch/Manual Request

Curtiss contends that a deposition of Eric Ploch and a corporate representative knowledgeable about the training manual are proper and necessary because: (i) Ploch was identified in other discovery as an individual knowledgeable about the safety manual and its maintenance, (ii) witnesses indicated that the manual may have been treated as advisory rather than obligatory, and (iii) he narrowed the scope of his request to specific sections of the document. ECF Doc. 74 at 5-6.

The Spectrum Defendants do not oppose providing a corporate representative to address the drafting and maintenance of the manual, but they do oppose the additional deposition of Ploch. ECF Doc. 75 at 9-10. They argue that Ploch was identified as someone who "might" know about the manual and they have provided other discovery responses identifying individuals who had a role in creating, reviewing, and/or approving the manual, a group in which Ploch was not included. ECF Doc. 75 at 10-11. As a result, they argue that deposing Ploch is unnecessary and not proportionate to the needs of the case. ECF Doc. 75 at 11. In his reply brief, Curtiss does not directly address the need to depose Ploch. *See generally* ECF Doc. 76.

Here, the Spectrum Defendants have shown that the deposition of Ploch would be unnecessary and duplicative of the testimony that will come from their designated representative. The Spectrum Defendants have agreed to provide a company representative to speak on the issues and, Curtiss has not identified any specific information that he anticipated would require Ploch's testimony, as opposed to the individual designated by the Spectrum Defendants. More fundamentally, however, nothing under Fed. R. Civ. P. 30(b)(6) permits the requesting party to require a specific individual to be provided for deposition. Rather, it is up to the responding party to name the individual to be deposed. *See Wheatt v. City of E. Cleveland,* No. 1:17-CV-377, 2017 U.S. Dist. LEXIS 188935, at *3 (N.D. Ohio Nov. 15, 2017). That being said, nothing prohibits Curtiss from deposing Ploch under Rule 30(b)(1) or subpoenaing her under Rule 45. *See* Fed. R. Civ. P. 30(a)(1); *Waymire v. Miami Cty. Sheriff's Office*, No. 3:15-CV-159, 2017 U.S. Dist. LEXIS 160918, at *9-10 (S.D. Ohio Sept. 29, 2017) ("[N]othing in Rule 30(b)(6) prevents a party from noting a specific individual within an organization for deposition under Rule 30(b)(1) instead of Rule 30(b)(6)."). Accordingly, because Curtiss is prohibited from pursing the deposition of Ploch under Rule 30(b)(6) and the Spectrum Defendants have agreed to comply with the request for an individual to testify regarding the manuals, Curtiss's motion to compel on this ground is denied.

**II.     Motion for Reconsideration**

Curtiss moves for reconsideration of the court's order granting him limited leave to amend his complaint, citing his previously filed motion for leave to amend as support. He argues that the order requires the parties to stipulate to the substitution, which they have not been able to agree to, and in the interests of justice he requests leave to amend to add Charter LLC to the

9

litigation, rather than substitute the entity for Charter Inc. *See* ECF Doc. 81. The Spectrum Defendants have not yet opposed the motion.

Courts should not reconsider prior decisions when the motion for reconsideration either renews arguments already considered or offers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue. *Bozsik v. Bradshaw*, No. 1:03CV1625, 2012 U.S. Dist. LEXIS 44683, at *2 (N.D. Ohio Mar. 30, 2012), *aff'd sub nom. Bozsik v. Bagley*, 534 F. App'x 427 (6th Cir. 2013) (citing *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)). However, there are three situations which justify reconsideration: an intervening change in controlling law; the availability of new evidence; and the need to correct clear error or to prevent manifest injustice. *Cook v. All State Home Mortg., Inc.*, No. 106-CV-1206, 2006 U.S. Dist. LEXIS 91049, at *4 (N.D. Ohio Dec. 18, 2006) (citing *Plaskon Elec. Materials, Inc., v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

Curtiss has not met any of the exceptions justifying reconsideration. He asserts that the court's prior order granting leave to amend required a stipulation, but that is inaccurate. *See* Docket Entry for February 8, 2022. Additionally, Curtiss cites the same memorandum in support of his motion as he filed for his initial motion for leave to amend and does not identify any change in controlling law, new evidence, or clear error that would warrant reconsideration. *See Bozsik*, 2012 U.S. Dist. LEXIS 44683, at *2; *Cook*, 2006 U.S. Dist. LEXIS 91049, at *4. Accordingly, Curtiss's motion for reconsideration (ECF Doc. 81) is DENIED.

### III. Conclusion

Because Curtiss has either failed to show that the Spectrum Defendants have failed to comply with their discovery obligations, failed to show the relevancy of the requested

depositions, or is prohibited under the Federal Rules of Civil Procedure from pursing the deposition, Curtiss's motion to compel (ECF Doc. 74) is DENIED. Further, because Curtiss has not provided any additional or new reasons in support of reconsidering the leave to amend already granted, his motion for reconsideration (ECF Doc. 81) is DENIED.

**IT IS SO ORDERED.**

Dated: June 21, 2022

Thomas M. Parker
United States Magistrate Judge